**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0086n.06
Filed: February 2, 2009

**No. 09-5084**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| STEVE HENLEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GEORGE LITTLE, et al., | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER, COLE, and COOK, Circuit Judges.

PER CURIAM. Petitioner Steve Henley moves this Court for a stay of his execution scheduled for February 4, 2009, pending the Court's disposition of *Harbison v. Little*, No. 07-6225 (6th Cir. filed Oct. 5, 2007), which presents a similar challenge to the constitutionality of Tennessee's three-drug lethal injection protocol. The district court dismissed Henley's case as barred by the applicable statute of limitations. We agree, decline to stay Henley's execution, and dismiss his appeal.

The district court correctly held that *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007) is the law of this Circuit. Under *Cooey*, an inmate's § 1983 cause of action accrues upon the conclusion of direct review in state court or at the expiration of time for seeking such review. *Id.* at 421-22.

Henley petitioned for Supreme Court review, which was denied in June 1990. Under *Cooey*, however, the accrual date must be adjusted if an inmate could not have discovered the "injury"—here, the method of execution—until a later date. *Id.* at 422. Tennessee adopted lethal injection as its presumptive method of execution on March 30, 2000 and the district court viewed March 30, 2001 as the date Henley's right to bring this action expired. Henley clearly missed this deadline.

Alternatively, construing all the relevant dates in the way most favorable to Henley, the very latest his cause of action could have accrued was June 2007, when Tennessee revised its lethal injection protocol. But Henley did not file suit until November 26, 2008. Thus, he missed even this June 2008 expiration date by several months.

The cause of action being stale when brought, the district court correctly dismissed it, and we affirm that dismissal.